# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| SHANDLE MARIE RILEY, ) | |
| ) | Case No. 1:19-cv-304 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| HAMILTON COUNTY GOVERNMENT, ) | |
| DANIEL WILKEY, individually and in his ) | |
| capacity as deputy sheriff for Hamilton ) | |
| County Government, and JACOB ) | |
| GOFORTH, individually and in his capacity ) | |
| as deputy sheriff for Hamilton County ) | |
| Government, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

Before the Court are Plaintiff William Klaver's motions for settlement (Docs. 23, 25 in Case No. 1:19-cv-198), his motion for separation and settlement (Doc. 30 in Case No. 1:19-cv-198), and his motion for default judgment (Doc. 36 in Case No. 1:19-cv-198.)

### I. MOTION FOR SEPARATION AND SETTLEMENT

At the conference on March 4, 2020, Klaver orally withdrew his request to have his case severed from the others. Accordingly, to the extent Klaver's motion seeks severance from the other cases in this matter, his motion (Doc. 30 in Case No. 1:19-cv-198) is **WITHDRAWN**. To the extent Klaver seeks default judgment in his favor based on the defendants' failure to respond to his complaint, the motion (*id.*) will be **DENIED** because service had not been perfected against the nonresponsive defendants at the time Klaver filed this motion.

## II. MOTIONS FOR SETTLEMENT

Klaver's motions for settlement in his favor (Docs. 23, 25 in Case No. 1:19-cv-198) will also be **DENIED**. Klaver seeks an entry of judgment in his favor on the grounds that the defendants had not filed a responsive pleading within 21 days of service. (*See* Doc. 23, at 1, in Case No. 1:19-cv-198; Doc. 25, at 1, in Case No. 1:19-cv-198.) However, Defendants Hamilton County and Tyler McRae have since answered the amended complaint (Doc. 31 in Case No. 1:19-cv-198), and the Court granted Defendant Daniel Wilkey's motion for extension of time to file a response to the amended complaint (Doc. 33 in Case No. 1:19-cv-198). Accordingly, the Court will not grant judgment in Klaver's favor at this time. However, the Court will **ORDER** Defendant Wilkey to file a responsive pleading to Klaver's amended complaint no later than **April 20, 2020**.

## III. MOTION FOR DEFAULT JUDGMENT

Klaver's final motion for default judgment (Doc. 36 in Case No. 1:19-cv-198) will also be **DENIED**. In his motion, Klaver asks the Court to grant him default judgment "due to defense misconduct." (*Id.* at 1.) In particular, Klaver points to multiple docket entries in his case and claims that they are fraudulent. (*Id.* at 3.) Klaver argues that the acknowledgements of service filed on January 27, 2020, and February 3, 2020 (Docs. 22, 24 in Case No. 1:19-cv-198) are fraudulent because he "[n]ever [a]cknowledged [a]nything." (Doc. 36, at 3, in Case No. 1:19-cv-198.) However, these documents were filed by the United States Marshals Service on behalf of Klaver to document attempts at service, and they are not evidence of fraud or misconduct on behalf of Defendants. (*See* Docs. 22, 24 in Case No. 1:19-cv-198.)

Klaver next objects to the answer filed by Defendants Hamilton County and Tyler McRae, arguing it is fraudulent "because the [p]ersons [n]amed in [the answer] [w]ere [n]ot [i]ncluded or

2

Case 1:20-cv-00016-TRM-CHS   Document 46   Filed 04/16/20   Page 2 of 3   PageID #: 391

[m]entioned in the Amended Complaint." (Doc. 36, at 3, in Case No. 1:19-cv-198.) However, from the Court's review of the answer, there is nothing deceptive or fraudulent about the filing or the persons referenced therein. (*See* Doc. 31 in Case No. 1:19-cv-198.)

Klaver also objects to receiving emails from counsel for Defendant Hamilton County related to her filings in this case. However, the Court finds no misconduct on the part of Hamilton County's counsel, as such communications are typical in a lawsuit and Klaver has not alleged any inappropriate behavior on the part of any counsel in this case. (*Id.* at 4.) Thus, the Court finds no basis for granting Klaver's motion.

### IV. CONCLUSION

Klaver's motion for separation and settlement (Doc. 30 in Case No. 1:19-cv-198) is **WITHDRAWN IN PART** and **DENIED IN PART** and Klaver's remaining motions seeking judgment in his favor (Docs. 23, 25, 36 in Case No. 1:19-cv-198) are **DENIED**.

**SO ORDERED.**

> */s/ Travis R. McDonough*
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**